# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                                    **Case No. 08-CR-324**

**LABRONTE CONEY**
        **Defendant.**

---

## SENTENCING MEMORANDUM

DeAngelo Newbon enlisted two men to help him carry out a bank robbery. DeWayne Alexander acted as the getaway driver, while defendant Labronte Coney (hereafter "defendant") provided Newbon with clothes and a disguise. Newbon carried out the crime, stealing nearly $4000 at gun point, and defendant later disposed of the clothes. The three men later split the proceeds, with Newbon taking about 75%, defendant 20% and Alexander 5%.

Police identified the driver, Alexander, first, and he named the other two. Police then approached defendant, and he also agreed to cooperate, turning over some of the clothes Newbon wore. The government charged defendant with aiding and abetting an armed bank robbery, 18 U.S.C. §§ 2113 & 2, and he pleaded guilty to the crime. I ordered a pre-sentence report ("PSR") and set the case for sentencing. In imposing sentence, I first calculated the advisory sentencing guidelines, then considered the government's motion for a guideline departure, and finally imposed sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See Rita v. United States, 127 S. Ct. 2456, 2465 (2007); see also Gall v. United States, 128 S. Ct. 586, 596-97 (2007).

## I. GUIDELINES

The PSR set a base offense level of 20 under U.S.S.G. § 2B3.1(a), then added enhancements of 2 levels because the property of a financial institution was taken, § 2B3.1(b)(1), and 5 levels based on Newbon's firearm possession, § 2B3.1(b)(2)(C), for an adjusted level of 27. Although the PSR declined to recommend a reduction based on mitigated role in the offense under U.S.S.G. § 3B1.2, I agreed with the parties that a 2 level reduction was warranted. Defendant did not enter the bank or drive the getaway vehicle; he simply accompanied the other two actors to and from the bank. Newbon planned the crime, carried the gun and performed the actual robbery. Defendant's only active role was to obtain and later dispose of Newbon's clothes. He got a cut of the proceeds, but only 20%. Newbon kept most of the money. Under these circumstances, he qualified for a 2 level reduction.

Following a further 3 level reduction for acceptance of responsibility, § 3E1.1, I adopted a final offense level of 22. Coupled with defendant's criminal history category of II, level 22 produced a guideline range of 46-57 months.

## II. DEPARTURE

The government moved for a departure under U.S.S.G. § 5K1.1 to reward defendant for his cooperation against Newbon. In ruling on a substantial assistance motion, I consider:

(1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

2

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a). I give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within my discretion. In attempting to quantify the departure, I typically use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. E.g., United States v. Matthews, 463 F. Supp. 2d 916, 918 (E.D. Wis. 2006).

As indicated above, defendant was the second individual approached by law enforcement after the robbery, and he gave a statement corroborating the information first provided by Alexander. Defendant also turned over some of the clothes Newbon wore during the robbery. He later debriefed, providing more detailed information about his own involvement in the events occurring before and after the robbery, and about the involvement of the others. The government believed his information to be truthful, as it was consistent with information from other sources. Defendant was willing to testify against the others, but they pleaded guilty.

Given this assistance, I awarded 1 level under the first factor, as defendant's assistance was significant and useful in solving this crime and obtaining Newbon's arrest and conviction. Because the government had other information and evidence as well, including cooperation from Alexander, I could not find that defendant's assistance was so significant or essential as to warrant a 2 level reduction. He also did not provide information about criminal activity other than this offense, allowing the government to make other cases. Under the second factor, I awarded 2 levels based on the government's belief that defendant's information was truthful and complete, corroborated by surveillance, physical evidence and other witness statements.

3

Under the third factor, I awarded 1 level because the assistance was limited to providing information and agreeing to testify; defendant engaged in no pro-active cooperation and was not required to actually testify. He did show the police the clothes Newbon wore, but I found that insufficient to warrant a greater reduction under this factor. I awarded no reduction under the fourth factor because there was no specific evidence of danger or risk, or of injury. Finally, I awarded 1 level under the fifth factor because defendant cooperated promptly on being approached and turned over the clothes; nothing suggested that the promptness was otherwise particularly significant, warranting more.

Therefore, I granted a total reduction of 5 levels, making the range 27-33 months.

### III. SECTION 3553(a)

**A.   Sentencing Factors**

Section 3553(a) directs the sentencing court to consider:

(1)     the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2)     the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the advisory guideline range;

(5)     any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in sub-section (a)(2). The court should give respectful consideration to the guidelines in making this determination, see Gall, 128 S. Ct. at 594, but it may not presume that the guideline sentence is the correct one, Rita, 127 S. Ct. at 2465, or place any "thumb on the scale" favoring a guideline term, United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an individualized assessment based on all of the § 3553(a) factors, Gall, 128 S. Ct. at 596-97, keeping in mind that the parsimony provision quoted above represents the "overarching" command of the statute, Kimbrough v. United States, 128 S. Ct. 558, 570 (2007).

**B.      Analysis**

    **1.      The Offense**

On March 18, 2008, Newbon robbed the Lincoln State Bank of nearly $4000 at gun point. Alexander acted as the getaway driver for Newbon, and defendant accompanied them to and from the bank, later hiding the coat, mask and gloves Newbon wore during the robbery. Police approached Alexander first, and he identified the other two. They then approached defendant, and he confirmed Alexander's information, admitting that all three shared in the proceeds of the robbery.

Representatives of the bank indicated that none of the money stolen had been

5

recovered or returned, and that the teller Newbon accosted resigned his position after the robbery. Two other affected bank employees likewise experienced trauma related to the robbery. Thus, while defendant did not carry the gun or enter the bank, but he nevertheless facilitated a very serious crime.

In his statement to the PSR writer, defendant indicated that he was experiencing financial problems and got caught up in obtaining easy money. He further stated that he knows his actions were wrong, that there is no easy money, and that you have to work for everything you get in life. He apologized for his actions, both to the PSR writer and during his allocution in court.

### 2. The Defendant

Defendant was twenty-four years old, with a limited prior record. In 2005, he was convicted of disorderly conduct while armed arising out of an incident in which he argued and struck his girlfriend with a pillow while she was lying in a hospital bed. A witness saw defendant carrying a revolver during the argument. Also in 2005, he was convicted of a separate disorderly conduct offense arising out of an incident in which he pushed his girlfriend, pulled her hair, and stomped on and broke the phone. These offenses suggested anger issues or at least issues of impulse control. However, defendant was able to complete his probationary sentences for both cases and seemed to do well on supervision in the community. A few months before sentencing, while this case was pending, he picked up a drunk driving conviction.

Considering his background in other respects, although defendant's parents never married, they were both involved in his life. After transferring several times, he graduated from high school and compiled a decent work history, as well as engaging in some real estate

investing. All of his properties were at the time of sentencing in foreclose, but he did appear to have some potential and ambition.

Defendant had a three old child from a previous relationship, and while he owed some birthing expenses he was up to date on child support, a positive and unfortunately somewhat rare fact in the criminal cases I see.

Defendant admitted use of alcohol and marijuana and believed treatment would be helpful. All of his screens on pre-trial release were negative, but as indicated, he was arrested for drunk driving during the pendency of this case.

### 3. The Sentence

The guidelines recommended a term of 27-33 months, after the departure. Given the seriousness of the offense, a prison term was needed to satisfy the purposes of sentencing. I found that given the particular nature of defendant's conduct, and his other qualities, a sentence a bit below this range sufficed.

First, the range was a bit greater than necessary to provide just punishment given defendant's specific conduct. As I also noted in Alexander's case, while the parties agreed to a 2 level reduction under U.S.S.G. § 3B1.2(b), which I granted, under the circumstances that reduction had a limited effect. In addition to the base level of 20 applicable to robberies generally, defendant received an enhancement of 5 levels for brandishing a gun, even though he did not possess the gun or provide it to Newbon. Newbon's conduct in this regard was attributable to defendant under U.S.S.G. § 1B1.3(a)(1)(B), but I did not think the enhancement properly reflected the seriousness of defendant's specific conduct, which was limited to providing some clothes Newbon asked for, accompanying the other defendants to and from the bank, and later hiding Newbon's clothes. He had nothing to do with the gun.

7

Defendant also noted that he was experiencing financial problems at the time of the robbery, but I did not find that to be a significant mitigating factor. Many people have money problems, and this does not provide a license or excuse to rob.

Second, I found the guideline range a bit greater than necessary to protect the public and deter. I discussed defendant's record above, and while the DC while armed case caused some concern, this was his first felony conviction, and before his arrest in this case he had never been to jail. Generally, a lesser period of imprisonment will suffice to deter a defendant who has never before done time, as opposed to one who has yet continues to re-offend. See United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005). I also noted that he successfully completed probation on the state DC cases. Further, as defendant discussed in his sentencing memo, the drunk driving case appeared to be mitigated.[1]  He otherwise performed well on bond in this case. His family seemed supportive, which would help him after release.

Nevertheless, this was a very serious crime, and although defendant's role was mitigated, I had to impose a substantial prison term to simply recognize the grave nature of the offense, as well as the fact that defendant had been in some trouble before. Under all of the circumstances, I found a sentence of 24 months sufficient but not greater than necessary to satisfy all of the purposes of sentencing. This sentence provided just punishment, deterrence generally and specifically, and sufficiently protects the public. The sentence was based on § 3553(a) and would have been the same regardless of the guideline calculations.

---

[1] Police did not pull defendant over for erratic or dangerous driving; rather, they found him asleep in his car.

8

## IV. CONCLUSION

I therefore committed defendant to the custody of the Bureau of Prisons for 24 months. I further ordered him to make restitution to the bank, joint and several with the co-defendants, and to serve five years of supervised release after completion of the prison sentence. As conditions of supervision, I ordered defendant to make regular restitution payments, provide access to his financial information, and participate in a program of drug testing and treatment. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

9